**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **Alexandra Amezquita-Andino on her behalf and as personal representative of the Estate of Oreste Hechavarria-Amezquita**<br><br>Plaintiff,<br><br>vs.<br><br>**United States of America**<br><br>Defendant. | Case No. **3:24-cv-01416** |

**Complaint**

**To The Honorable Court:**

**Comes Now** Plaintiffs **Alexandra Amezquita-Andino,** through the undersigning counsel and for their Complaint States and alleges as follows:

**Jury Demand**

1.   The Plaintiffs hereby demand a trial by jury.

**Nature Of The Action**

2.   This is an action against Defendant the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(l) and 2671 et seq., for the wrongful death of Oreste Hechavarria-Amezquita a/k/a Oreste Echevarria-Amezquita (hereinafter "Hechavarria"), following an incident on July 15, 2021, while he was under the custody and control of the Federal Bureau of Prisons at FCI Coleman Low, Sumterville, Florida

3.   Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

1

4. By letter dated May 20, 2022, the Federal Bureau of Prisons, an agency of the United States of America, denied Plaintiffs claims for the wrongful death of Oreste Hechavarria-Amezquita a/k/a Oreste Echevarria-Amezquita, which tolled the statute of limitations for this claim for six (6) months, until November 20, 2022. Exhibit A.

**Jurisdiction And Venue**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b)(l) in that this action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(l) and 2671 et seq.

6. Venue is proper in this jurisdiction, even though the incident took place at FCI Coleman Low, Sumterville, Florida, for the following reasons:

   a. because the decrease was a resident of Puerto Rico prior to him being murder in FCI Coleman low Institution.

   b.  plaintiffs are indigent persons that will not be able to afford litigation in any other jurisdiction.

   c. any and all the evidence regarding damages are in Puerto Rico.

   d. and the Federal Government can litigate anywhere.

   e. This issue of venue was decide in case number 3:22-cv-01370 by the Honorable Judge Francisco A. Besosa., on  October 17, 2022.

7. The Plaintiff filed originally this case before this Distric Court, case number 3:22-cv-01370 and it was dismissed without prejudice, permitting the Plaintiff to obtain a decree of Representative according to Florida Wrongful Death Act,  Fla. Stat. Ann. § 768.19 (West 2023).

2

**Parties**

8.    Plaintiff Alexandra Amezquita-Andino (hereinafter "Amezquita"), mother of the deceased and personal representative of the Estate of Oreste Hechavarria, was at all times relevant hereto a resident of Toa Baja, Puerto Rico. Administrative Tort Claim No. TRT-SER-2022-01865.

9.    That the Estate of Oreste Hechavarria is formed by the deceased minor children, for which the Superior Court of Puerto Rico, named Plaintiff Alexandra Amezquita the personal representative of the Estate.

10.    The Federal Bureau of Prisons (hereinafter, the "FBOP") is a federal agency under the United States Department of Justice, which is a Department of the United States of America. Even though the FBOP, through its agents and employees acting within the scope of their employment, is the party responsible for the death of Oreste Hechavarria-Amezquita a/k/a Oreste Echevarria-Amezquita, the United States of America is the proper Defendant in this action pursuant to 28 U.S.C. § 2679(d)(2).

11.    The FBOP is responsible for the care, custody, and control of inmates in federal prisons.

12.    According to the FBOP, its mission is "to protect society by confining offenders in the controlled environments of prisons and community-based facilities that are safe, humane, cost-efficient, and appropriately secure, and that provide work and other self-improvement opportunities to assist offenders in becoming law-abiding citizens."

3

13. According to the FBOP, it is committed to providing: "(a) a safe environment for both staff and inmates; (b) Secure institutions to confine offenders and protect the public. (c) Those skills building programs we can afford, to offer inmates the opportunity to live crime-free lives. (d) Service and stewardship to the public and a continued tradition of excellence; and (e) Staff who are ethical, professional, well-trained, and diverse."

## FACTS

14. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 13 as though fully set forth herein.

### A.     FCI Coleman Low

15. At all times relevant hereto, Oreste Hechavarria-Amezquita a/k/a Oreste Echevarria-Amezquita (hereinafter "Hechavarria") was an inmate of the Federal Correctional Institution FCI Coleman Low in Sumterville, Florida (hereinafter "FCI Coleman").

16. FCI Coleman is a low security federal correctional institution with an adjacent security satellite camp that houses approximately 1,974 male offenders.

### B.     Mr. Hechavarria's Death

17. That Oreste Hechavarria-Amezquita a/k/a Oreste Echevarria-Amezquita (hereinafter "Hechavarria") was house with a violent and unstable inmate, who name is unknown due to the fact that the defendants have refused to give out that information.

18. That the defendants knew or should have known the violent nature of inmate Walter Lamar Jackson, that caused the death of Mr. Hechavarria.

19. That the defendants knew or should have known that inmate, Walter Lamar Jackson that caused the death of Mr. Hechavarria, was not mentally stable.

20. That on July 15, 2022, Mr. Hechavarria was assaulted by inmate Walter Lamar Jackson at FCI Coleman, without provocation, that the defendants knew or should have known the violence nature of inmate, Walter Lamar Jackson that cause the death of Mr. Hechavarria.

21. During the assault, Mr. Hechavarria sustained several injuries, including a blunt head trauma.

22. That the defendants did not act promptly in seeking medical care for Mr. Hechavarria.

23. That eventually, and due to the injuries sustained by Mr. Hechavarria he was transferred to Kindred Hospital Ocala, at 1500 SW 1st Avenue, 5th Floor, Ocala, Florida for treatment.

24. That the defendants never notified the incident occurred to Mr. Hechavarria's relatives.

25. That Plaintiff Amezquita became aware of the condition of her son, because a nurse in the hospital to contact his mother.

26. That Plaintiff Amezquita after gaining knowledge of the incident began to contact FCI Coleman, to request information regarding the incident, and was denied any information, and was indicated that the incident was under investigation by the FBI.

27. That Alexis Roman, brother of the deceased travelled to Florida to Kindred Hospital Ocala, to visit Mr. Hechavarria, but was denied access to see his brother.

28. Mr. Hechavarria was hospitalized at Kindred Hospital Ocala, until he passed away on August 14, 2021, due to the injuries sustained on July 15, 2022.

29. That on September 1, 2021, a Death Record Medical Information Sheet, that the Cause of Death was pending, yet an autopsy was performed on Mr. Hechavarria. Exhibit B.

30. Nevertheless Mr. Hechavarria's Certification of Death, was filed on August 25, 2021, stating that the cause of death and injury information: as manner of death Homicide; Cause of Death Part I – a) Pulmonary Thromboembolism; and b) Deep Venous Thromboses; Part II Blunt Head Trauma Due to Assault. Exhibit C.

31. That pursuant the Federal Tort Claims Act (FTCA), on or about November 10, 2011, Plaintiffs filed a Claim for Damage, Injury, or Death, with the US Department of Justice, Federal Bureau of Prisons.

32. On or about January 16, 2022, the Department of Justice, Federal Bureau of Prisons, acknowledge receipt of the administrative tort claim, which are described as follows:

    a.    TRT-SER-2022-01865

    b.    TRR-SER-2022-01869

    c.    TRT-SER-2022-01874

    d.    TRT-SER-2022-01876

    e.    TRT-SER-2022-01877

33. The FBOP on May 20, 2022, denied Plaintiffs Administrative Claim, stating that after their investigation the Plaintiffs claim were without merit.

34. Nevertheless, despite providing no explanation for Mr. Hechavarria's death, in its denial of liability letter dated May 20, 2022, the FBOP States in conclusory fashion that, "There is no evidence that the Bureau staff knew or should have known that there would be an altercation between inmate Oreste Hechavarria-Amezquita and his cellmate…, the cellmate of inmate Oreste Hechavarria-Amezquita had no history of being psychologically disturbed and was classified as a Care Level 1 mental health inmate. In addition, the cellmate was not serving a sentence for a crime of violence, but for making a false statement during the purchase of a firearm."

35. Even though the FBOP indicated that Mr. Hechavarria cellmate had no history of being psychological disturbed and was allegedly classified as Care Level 1 mental health inmate and was not serving a sentence for a crime of violence. Mr. Walter Lamar Jackson had a history of multiple probation violation, including the possession of firearm after a felony conviction, and for aggravated assault, case no 1:10-cr-418.

36. Therefore, Mr. Walter Lamar Jackson has a history of violence known to defendant, prior to placing Mr. Hechavarria in the same cell.

37. That a Complaint was filed on August 3, 2022, in the case of Alexandra Amezquita-Andino, et als. v. USA, case no. 3:22-cv-01370, before the United District Court for the District of Puerto Rico.

38. That inmate Walter Lamar Jackson was indicted on or about August 16, 2022, for assault resulting in serious bodily injury, case no 5:22-cr-00054-JA-PRL; a year later of the death of Mr. Hechavarria.

7

39. That on July 28, 2023, case 3:22-cv-01370, was dismissed without prejudice, indicating as follows: "If and when plaintiff proceed through the probate process for the deceased, relative, the deceased's personal representative may re-file the complaint".

40. That inmate Walter Lamar Jackson was found guilty on January 30, 2024, and sentenced on August 16, 2024, for assault within the Special Maritime and Territorial Jurisdiction of the United States resulting in Bodily Injury. That Walter Lamar Jackson was committed to the custody of the United States Bureau of Prisons for a term of 84 months, and a term supervised release of 36 months.

41. That on September 9, 2024, Alexandra Amezquita-Andino was named personal representative of the Estate of Oreste Hechavarria-Andino, case no. TB2024CV00098.

**Negligent/Wrongful Conduct**

42. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 41 as though fully set forth herein.

43. At all times relevant hereto, the FBOP, through its agents and employees, owed Mr. Hechavarria a duty of care.

44. At all times relevant hereto, the FBOP, through its agents and employees, had a duty to ensure the reasonable safety of inmates at FCI Coleman, including Mr. Hechavarria.

45. At all times relevant hereto, the FBOP, through its agents and employees, had a duty to adequately staff FCI Coleman to ensure, among other things, the reasonable safety of inmates at FCI Coleman including Mr. Hechavarria.

8

46. At all times relevant hereto, the FBOP, through its agents and employees, had a duty to properly train and supervise its staff to ensure, among other things, the reasonable safety of inmates at FCI Coleman including Mr. Hechavarria.

47. As set forth hereinabove, the FBOP, through its agents and employees, breached its duty of care to Mr. Hechavarria by, among other things:

   a) Failure to investigate the violent mature and the unstable mature of the unknown inmate that produce the death of Mr. Hechavarria.

   b) Failing to protect Mr. Hechavarria from being attacked by another inmate on July 15, 2021;

   b) Failure to promptly get medical attention;

   c) Failing to adequately staff FCI Coleman to ensure the safety of Mr. Hechavarria when he was attacked by another inmate on July 15, 2021;

48. At all times relevant hereto, agents and employees of the FBOP at FCI Coleman were acting within the scope of their employment.

49. As a direct and proximate result of the FBOP's breach of its duties of care, Mr. Hechavarria suffered severe and fatal injuries on July 15, 2021.

50. As a direct and proximate result of the FBOP's breach of its duties of care, Mr. Hechavarria suffered a violent, painful, and untimely death on August 14, 2021.

51. As a direct and proximate result of the FBOP's negligent, reckless, and wrongful actions and omissions, Mr. Hechavarria suffered conscious pain and suffering and an untimely death on August 14, 2021.

52. Plaintiff will seek to recover all damages permitted under the law, including but not limited to, all damages recoverable for the wrongful death of Mr. Hechavarria.

**Wherefore** Plaintiffs demand judgment in their favor, against Defendant in an amount to be proven at trial, together with post-judgment in interest; for all damages recoverable under law; for attorney's fees; for expenses and costs of litigation; and for such other and further relief this Honorable Court deems just and proper.

In Bayamon, Puerto Rico, today September 11, 2024.

**Respectfully Submitted.**

> **s/Julio E. Gil de Lamadrid**
> USDC-PR 126505
> A-11 Granada St.
> Reparto Alhambra
> Bayamon, PR 00957
> Telephone: 787-786-7805
> jgil@gildelamadrid-psc.com

10